E-FILED
Tuesday, 12 November, 2024  09:37:57 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| DAVID OGDEN,             ) | |
|          ) | |
|     Plaintiff,    ) | |
|          ) | |
|    v.         ) | Case No. 1:23-cv-01415-JES-JEH |
|          ) | |
| RIVIAN AUTOMOTIVE, LLC,   ) | |
|          ) | |
|     Defendant.    ) | |
|          ) | |

**DEFENDANT'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES**

Defendant Rivian Automotive, LLC respectfully requests that the Court compel Plaintiff to fully answer Defendant's written discovery requests and to produce all responsive documents, and to pay Defendant's attorney's fees incurred from this discovery dispute stemming from Plaintiff's violation of the discovery rules.  In support of this request, Defendant states as follows:

**INTRODUCTION**

Months ago, Defendant Rivian Automotive, LLC issued straightforward written discovery requests to Plaintiff.  Plaintiff did not raise any objections to any of the written discovery requests and yet failed to timely respond to the written requests.  When he finally responded, Plaintiff's responses were deficient and he has since refused to rectify those deficiencies.  Plaintiff's ongoing delay has escalated the cost of litigation and prejudices Defendant's ability to develop its defenses.  It has further prevented Defendant from preparing for and scheduling Plaintiff's deposition. Accordingly, Defendant moves for an order compelling the deficient discovery and granting Defendant leave to depose Plaintiff within fourteen days after he cures his discovery deficiencies.

314648940v.2

**BACKGROUND**

On June 7, 2024, Defendant propounded its First Set of Interrogatories and First Set of Requests for Production of Documents to Plaintiff ("Defendant's Discovery Requests"). Copies of Defendant's Discovery Requests are attached as Exhibit A.[1]

Plaintiff failed to timely respond to Defendant's discovery requests. Accordingly, on July 19, 2024, Defendant's counsel requested that Plaintiff respond to the outstanding discovery requests. A copy of the July 19, 2024 email is attached as Exhibit B.

On July 28, 2024, Plaintiff served his response to Defendant's First Set of Requests for Production to Plaintiff. Plaintiff did not, however, serve his answers to Defendant's First Set of Interrogatories. Accordingly, on August 2, 2024, Defendant's counsel requested that Plaintiff answer Defendant's First Set of Interrogatories by August 9, 2024. A copy of the August 2, 2024 email is attached as Exhibit C. At the same time, Defendant's counsel notified Plaintiff that Defendant could not proceed with Plaintiff's deposition as noticed because he had not yet complied with his written discovery obligations. *Id.* On August 3, 2024, Plaintiff served his response to Defendant's First Set of Interrogatories. Copies of Plaintiff's responses to Defendant's First Set of Interrogatories and First Set of Requests for Production (collectively "Plaintiff's Discovery Responses") are attached as Exhibit D. Plaintiff's Discovery Responses were deficient.

On August 12, 2024, Defendant's counsel sent an email outlining the deficiencies and requested that Plaintiff address the deficiencies by August 23, 2024. A copy of the August 12, 2024 email is attached as Exhibit E.

---

[1] Defendant also served a Notice of Deposition to Plaintiff setting Plaintiff's deposition for Tuesday, August 13, 2024 beginning at 9 a.m.

314648940v.2

On September 8, 2024, Plaintiff responded to the August 12, 2024 email. Plaintiff's response did not, however, address the deficiencies outlined in the August 12, 2024 email. Accordingly, on September 9, 2024, Defendant's counsel requested to meet and confer via telephone. A copy of the September 9, 2024 Email is attached as Exhibit F. On September 11, 2024, Defendant's counsel again requested to meet and confer via telephone. A copy of the September 11, 2024 Email is attached as Exhibit G. Plaintiff ignored counsel's requests.

Instead, on October 6, 2024, Plaintiff filed his Computation of Damages Supplemental to Plaintiff's Initial Disclosures in which he expressly objected to providing Defendant with basic discovery. *See* Doc. #31 at ¶ 2. Specifically, Plaintiff stated "Ogden objects to providing the Defendant with detailed information regarding his medical records, income tax information, employment search, disclosure of recruiters with whom he has worked, or other details of his professional endeavors and personal finances." *Id.*

Without complete discovery responses, Defendant is not able to proceed with Plaintiff's deposition. Discovery is set to close on March 10, 2025. *See* June 11, 2024 Text Order.

## ARGUMENT

As a threshold matter, Plaintiff waived his untimely objections to Defendant's discovery requests. *See e.g., Autotech Tech. Ltd. Partnership v. Automationdirect.com, Inc.,* 236 F.R.D. 396, 398 (N.D. Ill. 2006) (failure to object to discovery requests within thirty days of being served with the requests constitutes a waiver of any objections). There is no basis for further delay and Plaintiff's continued refusal to provide basic facts underlying his claims creates a substantial and unfair prejudice to Defendant in litigating this case.

### A.    Plaintiff's Written Discovery Responses Are Deficient

Plaintiff failed to fully and completely respond to Defendant's Discovery Requests. To aid the Court, a verbatim recitation of each interrogatory / answer and request for production /

314648940v.2

response is set forth below along with an explanation of the deficiencies.

### INTERROGATORY NO. 6

For each and every job (including self-employment and work as an independent contractor or consultant), full-time or part-time, temporary or permanent, that you have held at any time since July 12, 2022, state the name and business address of the employer; the nature of the business; the dates of such employment or self-employment; the title of each position you held, the dates you held such position; the duties and responsibilities of the position, and identify all supervisors to whom you reported in each position. If you no longer hold the job, state the reasons and circumstances surrounding your termination or resignation; state the gross earnings and benefits you have received to date from each job itemized on an annual basis; describe the benefits offered to employees by the employer, even if you did not receive them; and state the number of hours you worked each week. Identify all documents related to your answer.

**PLAINTIFF'S RESPONSE 6:**

**6. The Plaintiff respectfully objects to this question on the grounds that pursuant to FRCP Rule 26(b) the question fails to be *"relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information . . . ".***

**In addition, the Plaintiff has already suffered significant personal, professional and economic losses due to the Defendant's reckless and deliberate dissemination of false and derogatory descriptions of the Plaintiff's work. The additional disclosure of requested information would only afford the Defendant an even greater opportunity to compound their abuse of the Plaintiff. (See Plaintiff's response #5n)[2]**

Plaintiff objected to providing any information regarding his employment subsequent to Rivian. This information is relevant to mitigation of Plaintiff's damages. *See e.g., Langen v. Wells Fargo Bank, N.A.*, 2012 WL 4473305, *1 (C.D. Ill. Sept. 26, 2012) (employee's subsequent employment is relevant to the issue of mitigation of damages). Plaintiff's objections to Interrogatory No. 6 are untimely and unfounded. He must answer Interrogatory No. 6 to identify every job he has held since July 12, 2022, including the positions held, dates of

---

[2] Plaintiff's response #5n provides "The Defendant's libelous besmirchment of Ogden professional credibility, including punitive damage for the Defendant's breach of contract is calculated at (three) times the financial damages of Ogden's lost salary and financial instruments, or $180,000USD."

314648940v.2

employment and the identity of his supervisors.

### INTERROGATORY NO. 7

Identify every prospective employer to which you have applied since July 12, 2022, the position for which you applied, whether you received an offer of employment, the terms of any offer of employment, and whether you accepted or rejected the offer of employment. If you have been unable to search for employment at any time please state when you were unable to search for employment and the reasons why. Identify all documents related to your answer.

**PLAINTIFF'S RESPONSE 7:**

**7. See Plaintiff's Response #6.**

As explained above, Rivian is entitled to discovery of the efforts Plaintiff has taken to find subsequent employment. *See Langen*, 2012 WL 4473305 at *1. Plaintiff must answer Interrogatory No. 7 to identify every prospective employer to which he has applied since July 12, 2022, including the position for which he applied, whether he received an offer of employment, the terms of any offer of employment, and whether her accepted or rejected the offer of employment.

### INTERROGATORY NO. 8

State whether you have received any income (other than income received from Defendant) from July 12, 2022 to the present, including, but not limited to, unemployment compensation, workers' compensation, retirement benefits, pension benefits, disability benefits, social security or loans, and state the nature of each source of income, the gross amount of each payment from the source and the date(s) of each payment. Identify all documents related to your answer.

**PLAINTIFF'S RESPONSE 8:**

**8. See Plaintiff's Response #6.**

Earnings received from a subsequent employer operate to reduce an award of back pay.

*See e.g.*, *Equal Employment Opportunity Comm'n v. RockAuto, LLC*, 2021 WL 3487668, *5-6

(W.D. Wis. Aug. 9, 2021) (reducing ADEA back pay award by the compensation earned at

314648940v.2

subsequent employer).  Thus, Rivian is entitled to discovery of any income that Plaintiff earned following his discharge from Rivian.  Plaintiff must answer Interrogatory No. 8.

### INTERROGATORY NO. 9

Identify all lawsuits, grievances, or administrative charges you have ever filed or to which you have been a party (as plaintiff/complainant or defendant/respondent), and for each such lawsuit, grievance, or charge identify all parties to the matter; state the court or agency where the lawsuit, grievance, or charge was filed; state the date on which the lawsuit, grievance, or charge was filed; and state the charge number, case number or other identifying number assigned to the matter.  Identify all documents that relate to your answer.

### PLAINTIFF'S RESPONSE 9:

**9. The Plaintiff respectfully objects to this question on the grounds it is vague, ambiguous, and its scope is undefined.**

Evidence of other lawsuits, grievances or administrative charges is discoverable and may be admissible to attack Plaintiff's credibility or as proof of a plan, scheme or *modus operandi.* *See e.g.*, *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775 (7th Cir. 2001).  Even though Plaintiff's objection to the scope was untimely, Rivian agreed to reduce the scope of Interrogatory No. 9 to "Identify all lawsuits, grievances, or administrative charges you have ever filed or to which you have been a party since July 12, 2012."  Plaintiff still failed to respond. Plaintiff must answer Interrogatory No. 9 (as limited).

### INTERROGATORY NO. 10

State whether you have ever filed for bankruptcy.  For each bankruptcy filing, provide the date of the filing, the name of the court, and the case number.  Identify all documents related to your answer.

### PLAINTIFF'S RESPONSE 10:

**10. The Plaintiff respectfully objects to this request on the grounds that pursuant to FRCP Rule 26(b) the question fails to be *"relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information . . . ".***

Bankruptcy filings are relevant to a judicial estoppel defense.  *See e.g.*, *Kimble v. Donahoe*, 511 Fed. Appx. 573, 575 (7th Cir. 2013) ("By omitting her administrative charge against the Postal Service, Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case.").  Plaintiff must answer Interrogatory No. 10.

### INTERROGATORY NO. 11

State whether you have ever been terminated, or resigned in lieu of termination, from any employment position.  If so, state the employer, your position, your dates of employment, the date of your termination or resignation, and the reason for your termination / resignation.  Identify all documents related to your answer.

**PLAINTIFF'S RESPONSE 11:**

**11. See Plaintiff's Response #6.**

The information responsive to Interrogatory No. 11 goes directly to Plaintiff's credibility and his prior employer files are relevant and discoverable.  *See e.g., Jackson v. Parker*, 2008 WL 4844747, *2 (N.D. Ill. Nov. 7, 2008) (Plaintiff's "personnel files at his prior employers are reasonably likely to lead to the discovery of admissible evidence" and "could contain information that bears upon Mr. Jackson's credibility.").  Plaintiff must answer Interrogatory No. 11.

### INTERROGATORY NO. 12

Identify all personal email addresses and social and business networking and media sharing accounts (e.g., LinkedIn, Facebook, Twitter, Instagram, Snapchat, *etc*.) that you have created, maintained or used since July 12, 2017.

**PLAINTIFF'S RESPONSE 12:**

**12. Plaintiff has not made any public comment or correspondence which are deleterious in any way to Rivian Automotive. Any other correspondence by the Plaintiff is irrelevant to the facts of the Plaintiff's complaint.**

The information responsive to Interrogatory No. 12 is relevant to damages. *See e.g.*,

314648940v.2

*Appler v. Mead Johnson & Co., LLC*, 2015 WL 5615038, *5 (S.D. Ind. Sep. 24, 2015) (social networking site content relevant to plaintiff's mental and emotional state).  Plaintiff must answer Interrogatory No. 12.

### INTERROGATORY NO. 13

Have you applied for, requested, or in any other way inquired about any disability compensation/insurance with the Social Security Administration at any time through the date of the final disposition of this matter? If your answer is in the affirmative, please identify: the date of your application, request, and/or inquiry; any and all documents relating in any way to such application, request, and/or inquiry; and all documents relating in any way to your receipt of any such compensation/insurance.

**PLAINTIFF'S RESPONSE 13:**

**13. The Plaintiff respectfully objects to this request on the grounds that the Defendant question seeks medical history and financial records that is in violation of a party's constitutionally protected right to privacy.**

As an initial matter, the constitution protects an individual's right to privacy against government intrusion which is not at issue in this litigation.  The information responsive to Interrogatory No. 13 is relevant to the issue of damages.  *See e.g., Kohnke v. Delta Airlines, Inc.*, 1995 WL 478858, *6 (N.D. Ill. Mar. 20, 1995) (disability payments may offset lost wages due to wrongful termination).  Plaintiff must answer Interrogatory No. 13.

### REQUEST FOR PRODUCTION NO. 1:

All documents you have that refer to Defendant in any way.

**PLAINTIFF'S RESPONSE 1:**

**The Plaintiff objects to the Defendant's request as it is overbroad in time and scope. In addition, it seeks "any and all documents" rather than specific documents sufficient to show Rivian's defense, and as such is cumulative.**

Plaintiff objected to Request No. 1 as overbroad.  Even though Plaintiff's objection was untimely, Defendant agreed to reduce the scope to "All documents you have that refer to Defendant in any way, and that are relevant to Plaintiff's claim and Defendant's defenses."

8

Plaintiff still failed to respond.  Plaintiff must supplement his production and provide any documents responsive to Request No. 1 (as limited).

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning your efforts to locate additional or alternative employment since July 12, 2022, including but not limited to all documents related to job searches, applications, cover letters, resumes, and responses to your efforts from potential employers.

**PLAINTIFF'S RESPONSE 8:**

**8. The Plaintiff respectfully objects to this request on the grounds that it is not relevant to this litigation nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**In addition, the Plaintiff has already suffered significant personal, professional and economic losses due to the Defendant's reckless and deliberate dissemination of false and derogatory descriptions of the Plaintiff's work. The additional disclosure of requested information would only afford the Defendant an even greater opportunity to compound their abuse of the Plaintiff.**

As explained above, Rivian is entitled to discovery of the efforts Plaintiff has taken to find subsequent employment.  *Langen*, 2012 WL 4473305 at *1 (employee's subsequent employment is relevant to the issue of mitigation of damages).  Plaintiff must produce the documents responsive to Request No. 8.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you earned from any source since July 12, 2022, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, retirement benefits, pension benefits, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit.

314648940v.2

**PLAINTIFF'S RESPONSE 10:**

**10. The Plaintiff respectfully objects to this request on the grounds that the Defendant seeks income tax returns, W2s, and/or 1099 forms, which are privileged under state and federal law.**

Rivian is entitled to discovery of income Plaintiff has received following his discharge. *See RockAuto, LLC*, 2021 WL 3487668 at *5-6 (reducing ADEA back pay award by the compensation earned at subsequent employer). Moreover, tax returns, W-2s and/or 1099 forms are not privileged from discovery. *See e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-5 (7th Cir. 1992) (finding plaintiff was properly compelled to produce tax returns because his income was relevant to his claim for damages). Plaintiff must produce the documents responsive to Request No. 10.

**REQUEST FOR PRODUCTION NO. 13:**

All documents submitted to or received from the Social Security Administration regarding any claim for benefits made by you or on your behalf.

**PLAINTIFF'S RESPONSE 13:**

**13. See Plaintiff's Response #8.**

As explained above, the documents responsive to Request No. 13 are relevant to the issue of damages. *See Kohnke*, 1995 WL 478858 at *6 (disability payments may offset lost wages due to wrongful termination). Plaintiff must produce the documents responsive to Request No. 13.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that reflect, refer to, or otherwise relate to any complaints, lawsuits, administrative charges, or other claims you have filed with any court (including bankruptcy) or any administrative agency.

**PLAINTIFF'S RESPONSE 16:**

**16. The Plaintiff respectfully objects to the portion of the Defendant's request that *"relate to any complaints, lawsuits, administrative charges, or other claims you have filed with any court (including bankruptcy)"* on the grounds that they are not relevant**

10

314648940v.2

**to this litigation nor is it proportional to the needs of the case. This remainder of this request is a repetition of the Defendant's request #14n and is properly addressed by Plaintiff's Response #2.**

The documents responsive to Request No. 16 are relevant to Plaintiff's credibility or proof of a plan, scheme or *modus operandi*. *See Mathis*, 269 F.3d at 775. And any bankruptcy filings are relevant to a judicial estoppel defense. *See Kimble*, 511 Fed. Appx. at 575 ("By omitting her administrative charge against the Postal Service, Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case."). Plaintiff must produce the documents responsive to Request No. 16.

**REQUEST FOR PRODUCTION NO. 17:**

Your current résumé and all versions of your résumé that you have prepared at any time since July 12, 2022.

**PLAINTIFF'S RESPONSE 17:**

**17. See Plaintiff's Response #8.**

As explained above, Rivian is entitled to discovery of the efforts Plaintiff has taken to find subsequent employment, including all versions of his resume. *Langen*, 2012 WL 4473305 at *1 (employee's subsequent employment is relevant to the issue of mitigation of damages). Plaintiff must produce the documents responsive to Request No. 17.

**B.      Plaintiff Should Be Compelled To Fully Respond To Defendant's Discovery Requests**

Under Federal Rules of Civil Procedure 26, 33 and 34, the requested information and documents are discoverable and Defendant has properly requested them. Defendant is entitled to the information and documents requested, and it needs such information and documents to prepare its defenses to Plaintiff's claims. Plaintiff has failed to respond as required under the

314648940v.2

Federal Rules of Civil Procedure, and this Court should compel him to respond in full within seven days.

**C.      Plaintiff Should Be Ordered To Pay Defendant's Attorney's Fees**

Upon granting this motion, Defendant is entitled to attorney's fees.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that ". . . the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion [to compel], including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A) (emphasis added).  Thus, this Court should order Plaintiff to pay Defendant's attorney's fees incurred because of his non-compliance with the discovery rules.

**<u>CONCLUSION</u>**

Defendant respectfully requests that the Court grant its motion to compel and for attorney's fees.  The Court should enter an award of attorneys' fees expended in connection with this motion, and such other relief as the Court deems just and equitable.

**DATED:  November 12, 2024**                    Respectfully submitted,

RIVIAN AUTOMOTIVE, LLC,


By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
          ssmentek@seyfarth.com

*Attorneys for Defendant Rivian Automotive, LLC*

12

**CERTIFICATE OF SERVICE**

I, Sharilee Smentek, an attorney, certify that on November 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system, which will send notification of such filing to all parties of record at the e-mail address on file with the Court.

/s/ Sharilee K. Smentek

314648940v.2