E-FILED
Tuesday, 12 November, 2024  09:37:57 AM
Clerk, U.S. District Court, ILCD

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

DAVID OGDEN,                                )
                                            )
        Plaintiff,                      )
                                            )
    v.                                      )    Case No. 1:23-cv-01415-JES-JEH
                                            )
RIVIAN AUTOMOTIVE, LLC,                     )
                                            )
        Defendant.                      )
                                            )

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Rivian

Automotive, LLC ("Defendant" or "Rivian") propounds the following First Set of Interrogatories

to Plaintiff David Ogden ("Plaintiff") to be answered in writing and under oath and served upon

the undersigned attorneys within 30 days of service thereof.

## INSTRUCTIONS

1.    Please answer each interrogatory in full.  If you cannot do so, answer to the extent

possible, specifying the reasons for your inability to answer the remainder and stating whatever

information, knowledge or belief you do have concerning the unanswered portion.

2.    When referring to a document, "identify" means set forth the general nature of the

document; the author or the originator; each addressee; all individuals designated to receive a

copy or otherwise hereto have received a copy; date, title and general subject matter; the present

custodian of each copy thereof; and last known address of each such custodian.

3.    When referring to a person, "identify" means to state the full name, title, employer, and

current address and phone number of such person.

4.    If you contend that a particular privilege prevents you from answering an interrogatory,

identify the nature of the privilege being claimed, the subject matter of the information being

311344327v.1

withheld, any individual with knowledge of the privileged information, and the basis on which the privilege is being invoked.

5.    Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff must supplement his responses in the event that, prior to final disposition of this action, additional information comes to the attention of, or becomes available to, Plaintiff, Plaintiff's attorneys, consultants, representatives, agents or any other person acting on behalf of Plaintiff.

### DEFINITIONS

The following definitions are to be considered applicable to all interrogatories contained herein.

1.    The term "communication(s)" refers to all conversations, agreements, inquiries or replies, whether in person, by telephone, in writing or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, transmittal slips, memoranda or notes.

2.    "Complaint" means the Complaint filed in the above-captioned lawsuit.

3.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes; correspondence; communications of any nature, including, but not limited to, email, social media posts, texts, and instant messages; computer files, disks or other electronically-stored data; telegrams; memoranda; notebooks of any character; summaries of records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of

2

or translations of any documents; tape or video recordings; records and dictation belts.  Any document with any marks on any sheet or side thereof, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

4.    "Person" refers to and includes a natural person, corporation, partnership, joint venture, proprietorship, firm, company, unincorporated association, individual, association of individuals, or any other such entity, including his/her/its agents and employees.

5.    The terms "relate to," "relates to" and "relating to" mean in any way, directly or indirectly concerning, referring, evidencing, reflecting, identifying, considering, underlying, modifying, amending, confirming, mentioning, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, or negating.

6.    "You," "Your," or "Plaintiff" shall refer to Plaintiff, David Ogden, his counsel, and any consultants, experts, investigators, agents, or other persons acting on behalf of any of them.

7.    The term "all" means "any and all."

8.    The term "or" includes "and" and means "and/or."

9.    The singular includes the plural, and the plural includes the singular.

## INTERROGATORIES

## INTERROGATORY NO. 1

To the extent not already provided, identify (by full name, address, and telephone number) all persons who have or whom you believe have knowledge of facts relating to the allegations contained in your Complaint.  State your relationship to each person, state with specificity the facts known by each person, and state how such knowledge was obtained by that person.  Identify all documents related to your answer.

3

311344327v.1

**INTERROGATORY NO. 2**

Identify all persons with whom you have had any communications (oral or in writing) or contact regarding any of the allegations in the Complaint.  This includes, for each such communication, stating the type of communication (in-person, telephonic, letter, email, text message, social media, *etc*.), stating the date of the communication, identifying all participants in the communication, describing the content of the communication, and identifying all documents related to the communication.

**INTERROGATORY NO. 3**

State whether you have taken any statements (oral or written, formal or informal) or affidavits or are aware of any statements or affidavits of any person with knowledge of the allegations contained in the Complaint.  If so, please state the individual's name and identify all statements or affidavits.

**INTERROGATORY NO. 4**

State the name, address, and telephone number of all witnesses, or persons who you claim were witnesses, to any actions by Defendant or any of its employees or representatives related to the allegations in the Complaint.  State your relationship to each person, state with specificity the facts known by each person, and state how such knowledge was obtained by that person.  Identify all documents related to your answer.

**INTERROGATORY NO. 5**

Describe in detail each type of damage, loss or expense that you seek in this lawsuit.  For each, state: the nature of the alleged damage, loss or expense; the total dollar amount of the alleged damage, loss or expense; how that amount was calculated; the facts which evidence and/or support the alleged damage, loss or expense; the identity of all persons who have or may

4

have knowledge of any facts supporting the alleged damage, loss or expense; and a detailed description and basis of that person's knowledge. Identify all documents related to your answer.

**INTERROGATORY NO. 6**

For each and every job (including self-employment and work as an independent contractor or consultant), full-time or part-time, temporary or permanent, that you have held at any time since July 12, 2022, state the name and business address of the employer; the nature of the business; the dates of such employment or self-employment; the title of each position you held, the dates you held such position; the duties and responsibilities of the position, and identify all supervisors to whom you reported in each position. If you no longer hold the job, state the reasons and circumstances surrounding your termination or resignation; state the gross earnings and benefits you have received to date from each job itemized on an annual basis; describe the benefits offered to employees by the employer, even if you did not receive them; and state the number of hours you worked each week. Identify all documents related to your answer.

**INTERROGATORY NO. 7**

Identify every prospective employer to which you have applied since July 12, 2022, the position for which you applied, whether you received an offer of employment, the terms of any offer of employment, and whether you accepted or rejected the offer of employment. If you have been unable to search for employment at any time please state when you were unable to search for employment and the reasons why. Identify all documents related to your answer.

**INTERROGATORY NO. 8**

State whether you have received any income (other than income received from Defendant) from July 12, 2022 to the present, including, but not limited to, unemployment compensation, workers' compensation, retirement benefits, pension benefits, disability benefits, social security or loans, and state the nature of each source of income, the gross amount of each

5

payment from the source and the date(s) of each payment.  Identify all documents related to your answer.

## INTERROGATORY NO. 9

Identify all lawsuits, grievances, or administrative charges you have ever filed or to which you have been a party (as plaintiff/complainant or defendant/respondent), and for each such lawsuit, grievance, or charge identify all parties to the matter; state the court or agency where the lawsuit, grievance, or charge was filed; state the date on which the lawsuit, grievance, or charge was filed; and state the charge number, case number or other identifying number assigned to the matter.  Identify all documents that relate to your answer.

## INTERROGATORY NO. 10

State whether you have ever filed for bankruptcy.  For each bankruptcy filing, provide the date of the filing, the name of the court, and the case number.  Identify all documents related to your answer.

## INTERROGATORY NO. 11

State whether you have ever been terminated, or resigned in lieu of termination, from any employment position.  If so, state the employer, your position, your dates of employment, the date of your termination or resignation, and the reason for your termination/resignation. Identify all documents related to your answer.

## INTERROGATORY NO. 12

Identify all personal email addresses and social and business networking and media sharing accounts (e.g., LinkedIn, Facebook, Twitter, Instagram, Snapchat, *etc*.) that you have created, maintained or used since July 12, 2017.

## INTERROGATORY NO. 13

311344327v.1

Have you applied for, requested, or in any other way inquired about any disability compensation/insurance with the Social Security Administration at any time through the date of the final disposition of this matter? If your answer is in the affirmative, please identify: the date of your application, request, and/or inquiry; any and all documents relating in any way to such application, request, and/or inquiry; and all documents relating in any way to your receipt of any such compensation/insurance.

**INTERROGATORY NO. 14**

Identify each physical and/or mental health care provider (*e.g.*, physician, counselor, psychologist, psychiatrist, therapist) and any other health care provider with whom you have consulted or who treated you since July 12, 2017, and state the following:

(a)      The illness, injury, impairment, disability, condition, problem, symptoms (physical or mental) or other reason(s) for which consultation or treatment was sought;

(b)      The diagnosis made by the health care provider;

(c)      The date(s) of each visit to, consultation with, treatment by, or counseling with the health care provider;

(d)      The treatment ordered or recommended by the health care provider, including, but not limited to, each and every medication prescribed and every diagnostic test performed;

(e)      If Plaintiff contends that any illness, injury, impairment, disability, conditions, problem or symptoms were caused by the alleged acts of Defendant, state the basis for Plaintiff's belief, and state which acts of Defendant caused the illness, injury or symptoms;

(f)      Identify all documents which relate to the foregoing answer.

**DATED: June 7, 2024**                              Respectfully submitted,

RIVIAN AUTOMOTIVE, LLC,


By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive

7

311344327v.1

Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
       ssmentek@seyfarth.com

***Attorneys for Defendant Rivian Automotive, LLC***

8

311344327v.1

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, does hereby certify that on June 7, 2024 she served the

foregoing document via electronic mail on the following:

David Ogden
16830 Baumann Road
Pocahontas, Illinois 62275
davekogden@yahoo.com

_/s/ Sharilee K. Smentek_

311344327v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| DAVID OGDEN, )<br>  )<br>    Plaintiff, )<br>  )<br> v.  )<br>  )<br>RIVIAN AUTOMOTIVE, LLC, )<br>  )<br>    Defendant. )<br>  ) | Case No. 1:23-cv-01415-JES-JEH |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Rivian

Automotive, LLC ("Defendant" or "Rivian") propounds the following First Set of Requests for

Production to Plaintiff David Ogden ("Plaintiff") to be answered in writing and served upon the

undersigned attorneys within 30 days of service thereof:

**INSTRUCTIONS AND DEFINITIONS**

1.      The words "you," "your," or "Plaintiff" refer to Plaintiff David Ogden and his

attorneys and agents.

2.      "Related to" or any similar phrase, means mention or refer to, report or reflect on,

concern or pertain to, bear upon, support or be in any way logically or factually, directly or

indirectly, connected with the matter discussed.

3.      "Person" means and includes individuals, corporations, partnerships, associations,

trusts, joint ventures and all other legal entities (including government bodies and agencies).

4.      Wherever appropriate, words and phrases shall be construed as in the single or

plural number, and as masculine, feminine, or neutral, according to the context as necessary to

bring within the scope of the document requests any information that might otherwise be construed

to be outside their scope.   "And" as well as "or" shall be construed either disjunctively or

311344605v.1

conjunctively as necessary to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

5.     "Communication" means all written or verbal discourse including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, or other forms of written or verbal intercourse or physical communication via physical contact or gesture.

6.     "Complaint" means the Complaint filed in the above-captioned lawsuit.

7.     All document requests shall be deemed continuing in nature so as to require supplemental production if further documents or information are obtained or discovered by Plaintiff or his attorney (if any) between the time these document requests are answered and the time of trial.  Such additional or supplemental information shall be furnished to Defendant within a reasonable time after it becomes known or is obtained.

8.     If Plaintiff knows that requested documents exist, but are not in his possession, so indicate and produce documents that show the name of the person or entity in whose custody such documents may be found.

9.     If Plaintiff objects to a request for production as calling for information that is beyond the scope of discovery, Plaintiff must, nevertheless, answer the request or subpart to the extent that it is not objectionable.  If Plaintiff objects to a request for production as seeking work product or documents protected by the attorney-client or other privilege, Plaintiff must produce all responsive documents or portions of documents that are not protected by privilege or the work product doctrine.  Plaintiff must also serve upon the undersigned attorneys for Defendant a written list of the withheld documents, including the following information as to each such document or portion of document: (a) the date of the document; (b) a physical description of the document withheld, including size, length, typed or handwritten, etc.; (c) a description of the subject matter

2

of the document withheld; (d) the names(s) of the person(s) who created the document; (e) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (f) the name(s) of each person(s) or entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any manner disclosed; (g) a statement of the ground(s) on which each such document is considered to be protected from discovery; and (h) the name(s) of all person(s) or entity(ies) on whose behalf the privilege is asserted.

10.    If any document responsive to any request has been lost, mutilated, or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.  If there are no documents in your possession, custody, or control that are responsive to a particular request, so state.

11.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff must supplement his responses in the event that, prior to final disposition of this action, additional documents come to the attention of, or become available to, Plaintiff, Plaintiff's attorneys, consultants, representatives, agents or any other person acting on behalf of Plaintiff.

12.    The definitions and instructions set forth above are hereby expressly incorporated by reference and made a part of each document request that follows.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents you have that refer to Defendant in any way.

**REQUEST FOR PRODUCTION NO. 2:**

All documents that relate to, bear upon, describe events or provide evidence relating to any of the allegations in the Complaint and/or communications related to those allegations.

3

311344605v.1

**REQUEST FOR PRODUCTION NO. 3:**

All notes and any other documents prepared by you that relate to, concern, pertain to, support, establish, or upon which you rely in making, the claims alleged in the Complaint including but not limited to appointment books, journals, diaries, notes, memoranda, letters, electronic communications, annotated calendars, and any similar records that you have maintained at any time during or after your employment with Defendant.

**REQUEST FOR PRODUCTION NO. 4:**

All documents including but not limited to all emails, correspondence, and any communications relating to your employment with or other work for Defendant including, but not limited to, contracts, agreements, compensation plans, benefit plans, summary plan descriptions, job descriptions, work schedules, written policies, procedures, employment manuals, and compensation records.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that reflect, refer to, or otherwise relate to your job performance while employed by Defendant, including, but not limited to performance evaluations, notices and documentation of oral warnings, awards, self-evaluations, grievances, complaints, merit reviews, salary reviews, letters of commendation, discipline, written warnings or reprimands, letters, and criticism and comments regarding you or your performance from any person.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that reflect or relate to conversations or communications, either verbal or written, between you and any current or former employee of Defendant relating to your employment with Defendant or your allegations in the Complaint.

311344605v.1

**REQUEST FOR PRODUCTION NO. 7:**

All postings, updates, comments, messages, or notes on Facebook, Twitter, LinkedIn, or any other social media site that relate to your employment with Defendant, relate to the allegations in your Complaint, or relate to any communications with current or former employees of Defendant.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning your efforts to locate additional or alternative employment since July 12, 2022, including but not limited to all documents related to job searches, applications, cover letters, resumes, and responses to your efforts from potential employers.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that relate to any event or circumstance that you contend caused or contributed in any way to the damages you claim in this lawsuit.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you earned from any source since July 12, 2022, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, retirement benefits, pension benefits, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including but not limited to all emails, correspondence, and any communications, that relate to your effort to mitigate the damages you claim in this lawsuit.

311344605v.1

**REQUEST FOR PRODUCTION NO. 12:**

All medical records and other documents related to any physical or mental condition or injury you have suffered at any time since July 12, 2017.  In conjunction with this Request, please complete the authorization for release of medical information and psychotherapy treatment in the attached form.

**REQUEST FOR PRODUCTION NO. 13:**

All documents submitted to or received from the Social Security Administration regarding any claim for benefits made by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that relate to or constitute communications between you and any federal, state or local department, agency, or commission, including the United States Equal Employment Opportunity Commission, relating to your employment with Defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that record, reflect, or refer to any internal grievances, complaints, or reports filed by you during your employment with Defendant.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that reflect, refer to, or otherwise relate to any complaints, lawsuits, administrative charges, or other claims you have filed with any court (including bankruptcy) or any administrative agency.

**REQUEST FOR PRODUCTION NO. 17:**

Your current résumé and all versions of your résumé that you have prepared at any time since July 12, 2022.

6

311344605v.1

**REQUEST FOR PRODUCTION NO. 18:**

Any and all written or tape recorded statements of any kind that you have obtained from any witness that pertain to, concern, evidence, or support your claims or the allegations in the Complaint, including, but not limited to, any affidavits, declarations, or written notes.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents you have provided to or received from any expert witness, consultant, investigator, or other agent, and any report or document prepared, authored, or drafted by such expert witness, consultant, or investigator, concerning your allegations against Defendant.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, demonstrative evidence, learned treatises, authorities, photographs, graphs, charts, artist's renderings, audio recordings, video recordings, business records, deposition transcripts and excerpts, and/or visual aids that you will or may seek to introduce into evidence during this litigation.

**REQUEST FOR PRODUCTION NO. 21:**

All documents referenced and/or identified in response to Defendant's First Set of Interrogatories to Plaintiff.

**REQUEST FOR PRODUCTION NO. 22:**

All documents received in response to any subpoena issued in this case.

**REQUEST FOR PRODUCTION NO. 23:**

All emails, messages, and documents you sent from any work email account to any of your personal email accounts; and any emails, messages, and documents sent from any of your personal email accounts to any work email account.

**REQUEST FOR PRODUCTION NO. 24:**

311344605v.1

8

All documents submitted to or received from any third party administrator regarding any claim for retirement and/or pension benefits made by you or on your behalf.

**DATED: June 7, 2024**                          Respectfully submitted,

                                                  RIVIAN AUTOMOTIVE, LLC,

                                                  By: */s/ Sharilee K. Smentek*

Katherine Mendez
Sharilee K. Smentek
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
Email: kmendez@seyfarth.com
        ssmentek@seyfarth.com

***Attorneys for Defendant Rivian Automotive, LLC***

8

311344605v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, does hereby certify that on June 7, 2024 she served the

foregoing document via electronic mail on the following:

David Ogden
16830 Baumann Road
Pocahontas, Illinois 62275
davekogden@yahoo.com


_____/s/ Sharilee K. Smentek_____

## AUTHORIZATION FOR RELEASE OF MEDICAL
## AND PSYCHOLOGICAL RECORDS

I, David Ogden, (Social Security #: _____; date of birth: _____),
hereby authorize the custodian of the records to release any and all of my medical, psychological
or mental health records, reports, x-rays, photographs, notes, bills, payment schedules,
prescriptions, insurance records or claim forms, or any results of investigation, counseling,
diagnosis, treatment or prognosis, including without limitation records of treatment for mental
illness or disorders, and treatment for drug or alcohol use, for the time period from July 12, 2017
through the present.

This Authorization for Release of Medical Information is being made in connection with
discovery in the matter entitled *David Ogden v. Rivian Automotive, LLC*, which is currently
pending in the United States District Court for the Central District of Illinois, Peoria Division, as
Case No. 1:23-cv-01415-JES-JEH.  The above-described medical records and information should
be released to Sharilee K. Smentek, Seyfarth Shaw LLP, and may be released to any employees of
Seyfarth Shaw LLP working on this matter.

I understand that my records cannot be disclosed without my written consent.  I understand
any disclosure of information carries with it the potential for an unauthorized re-disclosure and
once the information is re-disclosed it may not be protected by the HIPAA privacy rule.  I also
understand that I may in writing revoke this consent at any time except to the extent that disclosure
was made prior to the time I revoked it.  I further understand that disclosure includes the right of
the recipient to inspect and receive copies of the information to be disclosed.  My consent to the
disclosure of the above-referenced medical records and information shall expire one (1) year from
the date below.

_____          _____
DAVID OGDEN                                                          Date