E-FILED
Tuesday, 12 November, 2024  09:37:58 AM
Clerk, U.S. District Court, ILCD

# Exhibit D

IN THE SEVENTH FEDERAL DISTRICT COURT FOR CENTRAL ILLINOIS

**Case Number 1:23-CV-1415**

| David Ogden | ) | Rivian Automotive, LLC |
|---|---|---|
| 16830 Baumann Road | ) | 123 Electric Avenue |
| Pocahontas, Illinois 62275 | ) | Normal, Illinois   61761 |
| | ) | |
| Plaintiff, | vs. | Defendant. |

JURY TRIAL IS REQUESTED

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Now comes the Plaintiff, David Ogden, pro se, pursuant to FRCP Rules 26, 33, and 34, hereby responds to the *"Defendant's First Set of Interrogatories to Plaintiff"* as originally provided via e-mail by the Defendant's attorney of record, Seyfarth Shaw LLP on 07 June, 2024.

In his attached responses, the Plaintiff has respectfully made objections to certain of the Defendant's interrogatories pursuant to Federal Rules of Civil Procedure, Rule 33(a)(2) Scope. *"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)"* and, Rule 33(b)(4) Objections. *"the grounds for objecting to an interrogatory must be stated with specificity."*

DEFENDANT'S INTERROGATORY NO. 1:

*1. To the extent not already provided, identify (by full name, address, and telephone number) all persons who have or whom you believe have knowledge of facts relating to the allegations contained in your Complaint. State your relationship to each person, state with specificity the facts known by each person, and state how such knowledge was obtained by that person. Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 1:

1. The Plaintiff has previously presented a preliminary list of (22) individuals who have personal and discoverable knowledge of the actual events pertinent to the Plaintiff's complaint. This list was e-mailed to Rivian's council on 20, June 2024 as part of his Rule 26 disclosure. Please reference Plaintiff's Response #4.

DEFENDANT'S INTERROGATORY NO. 2:

*2. Identify all persons with whom you have had any communications (oral or in writing) or contact regarding any of the allegations in the Complaint. This includes, for each such communication, stating the type of communication (in-person, telephonic, letter, email, text message, social media, etc.), stating the date of the communication, identifying all participants in the communication, describing the content of the communication, and identifying all documents related to the communication.*

PLAINTIFF'S RESPONSE 2:

2. To date, the Plaintiff has refrained from discussing particulars of his complaint with potential witnesses. See Plaintiff's Response #1, #3, and #4.

DEFENDANT'S INTERROGATORY NO. 3:

*3. State whether you have taken any statements (oral or written, formal or informal) or affidavits or are aware of any statements or affidavits of any person with knowledge of the allegations contained in the Complaint. If so, please state the individual's name and identify all statements or affidavits.*

PLAINTIFF'S RESPONSE 3:

3. At this time, the Plaintiff has refrained from collecting formal statements or affidavits from those persons disclosed in his Rule 26 answer.  See Plaintiff's Response #1 and #4.

DEFENDANT'S INTERROGATORY NO. 4:

*4. State the name, address, and telephone number of all witnesses, or persons who you claim were witnesses, to any actions by Defendant or any of its employees or representatives related to the allegations in the Complaint. State your relationship to each person, state with specificity the facts known by each person, and state how such knowledge was obtained by that person.  Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 4:

4. The Plaintiff may elect to present interrogatories and/or request oral deposition of some or all of the following individuals "b" through "w";

a) David Ogden, Plaintiff pro se, and former Rivian Lead Safety Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.

b) Jessica Siron, former Rivian Director of Environmental Health & Safety, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Ms. Siron's address and telephone number are currently unknown to the Plaintiff.

c)  Ryan Gale, former EHS Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Gale's address and telephone number are currently unknown to the Plaintiff.

d)  Brandon Bale, EHS Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Bale's address and telephone number are currently unknown to the Plaintiff.

e)  DeWitt Beck, Rivian Hazardous Storage Area Foreman, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Beck's address and telephone number are currently unknown to the Plaintiff.

f)  Eric Henrichsen, Construction Safety Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Henrichsen's address and telephone number are currently unknown to the Plaintiff.

g)  Pete Neill, former Maintenance Manager / Paint Shop, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Neill's address and telephone number are currently unknown to the Plaintiff.

h)  Tom Shoenherr, Electrical Distribution Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Shoenherr's address and telephone number are currently unknown to the Plaintiff.

i)  Brian Wallinger, CMF Group Site Foreman, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Willinger's address and telephone number are currently unknown to the Plaintiff.

j)  Andrew Wehr, former EHS Manager, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Wehr's address and telephone number are currently unknown to the Plaintiff.

k)  Carla Neill, Battery Assembly Lead, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Ms. Neill's address and telephone number are currently unknown to the Plaintiff.

l)  Ben Woods, Senior Safety Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Wood's address and telephone number are currently unknown to the Plaintiff.

m)  Mark Zielinski, CMF Group Site Manager, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Zielinski's address and telephone number are currently unknown to the Plaintiff.

n)  Nik Bradburn, Senior Maintenance Foreman, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Bradburn's address and telephone number are currently unknown to the Plaintiff.

o)  Thomas Warnak, Rivian Environment Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Warnak's address and telephone number are currently unknown to the Plaintiff.

p)  Noah Corcoran, Rivian EHS Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Corcoran's address and telephone number are currently unknown to the Plaintiff.

q)  Rob Schmidt, Rivian Project Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses.  Mr. Schmidt's address and telephone number are currently unknown to the Plaintiff.

r) Evan Dunn, Rivian Process Engineer, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses. Mr. Dunn's address and telephone number are currently unknown to the Plaintiff.

s) Will Zochodne Rivian Engineering Manager, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses. Mr. Zochodne's address and telephone number are currently unknown to the Plaintiff.

t) Greg Williamson, Rivian Security Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses. Mr. Williamson's address and telephone number are currently unknown to the Plaintiff.

u) Garret Romer, Rivian Security Specialist, whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and rebuttal of the Defendant's defenses. Mr. Romer's address and telephone number are currently unknown to the Plaintiff.

v) Rebecca Weisman, Senior People Partner (a human resources position), whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and through deposition will disclose her participation in and contribution to a willful and deliberate distortion of Ogden's numerous contributions to Rivian, denigration of Ogden work ethic, professionalism, and productivity which has led to damages including an impairment to Ogden's employability. Ms. Weisman's address and telephone number are currently unknown to the Plaintiff.

w)  Aaron Wynn, Lead People Partner (a human resources position), whom has personal knowledge and discoverable information of Ogden's contributions to Rivian, the Defendant's unlawful actions, and through deposition will disclose his participation and contribution to a willful and deliberate distortion of Ogden's numerous contributions to Rivian, denigration of Ogden work ethic, professionalism, and productivity which has led to damages including an impairment to Ogden's employability.  Mr. Wynn's address and telephone number are currently unknown to the Plaintiff.

DEFENDANT'S INTERROGATORY NO. 5:

5.  *Describe in detail each type of damage, loss or expense that you seek in this lawsuit. For each, state: the nature of the alleged damage, loss or expense; the total dollar amount of the alleged damage, loss or expense; how that amount was calculated; the facts which evidence and/or support the alleged damage, loss or expense; the identity of all persons who have or may have knowledge of any facts supporting the alleged damage, loss or expense; and a detailed description and basis of that person's knowledge. Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 5:

5.  The following responses are presented only as a general outline of the Plaintiff's basis for the calculation of damages.  This outline shall not limit or prejudice the Plaintiff's right to proceed with future actions against the Defendant for breach of contract.

a)  Throughout the 'zoom' off-site interview process and prior to an offer being presented to Ogden for the Safety Engineer position, the Plaintiff did not disclose his age to anyone at Rivian.

b)  As an enticement to join the Rivian organization, the Defendant made verbal and written commitments to Ogden, and tendered financial instruments with a value in excess of $60,000USD.

c)  By the Defendant's act of providing a significant proportion of Ogden's compensation as financial instruments instead of increasing his salary or other monetary payment arangement, the financial success of the Defendant's enterprise became inseparable from the financial rewards the Defendant committed to share with the Plaintiff.

d)  Because the Defendant, Rivian Automotive LLC promised to provide a significant proportion of Ogden's compensation as financial instruments instead of an hourly wage or salary, a contractual relationship was formed between Rivian and Ogden.

e)  Each of the (three) trumped-up 'disciplinary' events cited by Rivian for dismissing Ogden are based on wantonly inaccurate recitations of the actual events and Ogden's behavior.

f) The Defendant's portrayal of the November 11 incident involving an alleged "racial slur" is completely inaccurate, and Rivian's investigation of this event was not conducted in accordance with Rivian's own written policy.

g)  The Defendant's portrayal of the March 18 incident involving the inspection of overhead walkways is completely inaccurate and a deliberate distortion of Ogden actions because his activities were conducted completely within his normal duties of inspecting plant infrastructure.

h)  The alleged July 4 incident involving Ogden's dutifully reporting a flood in the paint department is completely inaccurate and distorted.  Ogden's actions were completely within his assigned duties of monitoring safety conditions and inspecting paint shop operations.

i)  In each of the (three) 'disciplinary' incidents (items (f, g, and h), other individuals not in Ogden's class were treated differently than Ogden and were NOT subjected to adverse discipline.  Thus the discipline administered to Ogden were repeated and explicit acts of age discrimination.

j)  The Defendant allowed members of their workforce to engage in a pattern of age-based discrimination and abuse of the Plaintiff.

k)  A statistical analysis of the ages of the Rivian workforce at Normal, Illinois demonstrate that the Defendant' recruiting and hiring practice created a disparate impact on members of the Plaintiff's protected class.

l)  Plaintiff's direct financial loss due to the Defendant's wrongful termination in violation of Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 et sequentia, is approximately $20,000USD

m)  Plaintiff's financial loss due to the Defendant's breach of contract and abjuration of financial instruments is approximately $60,000USD.

n)  The Defendant's libelous besmirchment of Ogden professional credibility, including punitive damage for the Defendant's breach of contract is calculated at (three) times the financial damages of Ogden's lost salary and financial instruments, or $180,000USD.

**The Plaintiff's response to this interrogatory shall not be construed as a complete, exhaustive or final presentation of citations, facts or case law to support the Plaintiff's allegations of damages or calculations of restitution.**

DEFENDANT'S INTERROGATORY NO. 6:

*6.  For each and every job (including self-employment and work as an independent contractor or consultant), full-time or part-time, temporary or permanent, that you have held at any time since July 12, 2022, state the name and business address of the employer; the nature of the business; the dates of such employment or self-employment; the title of each position you held, the dates you held such position; the duties and responsibilities of the position, and identify all supervisors to whom you reported in each position. If you no longer hold the job, state the reasons and circumstances surrounding your termination or resignation; state the gross earnings and benefits you have received to date from each job itemized on an annual basis; describe the benefits offered to employees by the employer, even if you did not receive them; and state the number of hours you worked each week.  Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 6:

6.  The Plaintiff respectfully objects to this question on the grounds that pursuant to FRCP Rule 26(b) the question fails to be *"relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information . . . ".*

In addition, the Plaintiff has already suffered significant personal, professional and economic losses due to the Defendant's reckless and deliberate dissemination of false and derogatory descriptions of the Plaintiff's work.  The additional disclosure of requested information would only afford the Defendant an even greater opportunity to compound their abuse of the Plaintiff. (See Plaintiff's response #5n)

DEFENDANT'S INTERROGATORY NO. 7:

7.  *Identify every prospective employer to which you have applied since July 12, 2022, the position for which you applied, whether you received an offer of employment, the terms of any offer of employment, and whether you accepted or rejected the offer of employment. If you have been unable to search for employment at any time please state when you were unable to search for employment and the reasons why.  Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 7:

7.  See Plaintiff's Response #6.

DEFENDANT'S INTERROGATORY NO. 8:

8.  *State whether you have received any income (other than income received from Defendant) from July 12, 2022 to the present, including, but not limited to, unemployment compensation, workers' compensation, retirement benefits, pension benefits, disability benefits, social security or loans, and state the nature of each source of income, the gross amount of each payment from the source and the date(s) of each payment.  Identify all documents related to your answer*

PLAINTIFF'S RESPONSE 8:

8.  See Plaintiff's Response #6.

DEFENDANT'S INTERROGATORY NO. 9:

9.  *Identify all lawsuits, grievances, or administrative charges you have ever filed or to which you have been a party (as plaintiff/complainant or defendant/respondent), and for each such lawsuit, grievance, or charge identify all parties to the matter; state the court or agency where the lawsuit, grievance, or charge was filed; state the date on which the lawsuit, grievance, or charge was filed; and state the charge number, case number or other identifying number assigned to the matter.  Identify all documents that relate to your answer.*

PLAINTIFF'S RESPONSE 9:

9.  The Plaintiff respectfully objects to this question on the grounds it is vague, ambiguous, and its scope is undefined.

DEFENDANT'S INTERROGATORY NO. 10:

10.  *State whether you have ever filed for bankruptcy.  For each bankruptcy filing, provide the date of the filing, the name of the court, and the case number.  Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 10:

10. The Plaintiff respectfully objects to this request on the grounds that pursuant to FRCP Rule 26(b) the question fails to be *"relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information . . . "*.

DEFENDANT'S INTERROGATORY NO. 11:

*11. State whether you have ever been terminated, or resigned in lieu of termination, from any employment position. If so, state the employer, your position, your dates of employment, the date of your termination or resignation, and the reason for your termination/resignation. Identify all documents related to your answer.*

PLAINTIFF'S RESPONSE 11:

11. See Plaintiff's Response #6.

DEFENDANT'S INTERROGATORY NO. 12:

*12. Identify all personal email addresses and social and business networking and media sharing accounts (e.g., LinkedIn, Facebook, Twitter, Instagram, Snapchat, etc.) that you have created, maintained or used since July 12, 2017.*

PLAINTIFF'S RESPONSE 12:

12. Plaintiff has not made any public comment or correspondence which are deleterious in any way to Rivian Automotive. Any other correspondence by the Plaintiff is irrelevant to the facts of the Plaintiff's complaint.

DEFENDANT'S INTERROGATORY NO. 13:

*13. Have you applied for, requested, or in any other way inquired about any disability compensation/insurance with the Social Security Administration at any time through the date of the final disposition of this matter? If your answer is in the affirmative, please identify: the date of your application, request, and/or inquiry; any and all documents relating in any way to such application, request, and/or inquiry; and all documents relating in any way to your receipt of any such compensation/insurance.*

PLAINTIFF'S RESPONSE 13:

13. The Plaintiff respectfully objects to this request on the grounds that the Defendant question seeks medical history and financial records that is in violation of a party's constitutionally protected right to privacy.

DEFENDANT'S INTERROGATORY NO. 14:

*14. Identify each physical and/or mental health care provider (e.g., physician, counselor, psychologist, psychiatrist, therapist) and any other health care provider with whom you have consulted or who treated you since July 12, 2017, and state the following:*

*(a)     The illness, injury, impairment, disability, condition, problem, symptoms (physical or mental) or other reason(s) for which consultation or treatment was sought;*

*(b)     The diagnosis made by the health care provider;*

*(c)     The date(s) of each visit to, consultation with, treatment by, or counseling with the health care provider;*

*(d)     The treatment ordered or recommended by the health care provider, including, but not limited to, each and every medication prescribed and every diagnostic test performed;*

*(e)  If Plaintiff contends that any illness, injury, impairment, disability, conditions, problem or symptoms were caused by the alleged acts of Defendant, state the basis for Plaintiff's belief, and state which acts of Defendant caused the illness, injury or symptoms;*

*(f)  Identify all documents which relate to the foregoing answer.*

PLAINTIFF'S RESPONSE 14:

14.  See Plaintiff's Response #13.

Respectfully Submitted,


___*David Ogden*___                          ____03 August, 2024 ____

David Ogden                                          Date

<u>VERIFICATION</u>

The undersigned, David Ogden, Plaintiff pro se, certifies that the statements set forth in this instrument are true and correct, and states that as to the best of his knowledge of such matters, the undersigned certifies that he believes to be true.

Respectfully Submitted,

_____*David Ogden*_____          _____03 August, 2024 _____

David Ogden                                                        Date

<u>ATTESTATION and CERTIFICATE of MAILING</u>

Plaintiff hereby attests that he has provided copies of the foregoing instrument via email to ssmentek@seyfarth.com and USPS Priority Mail to the Defendant's legal counsel of record, Kathern Mendez, Seyfarth Shaw LLP, Suite 8000, 233 South Wacker Drive, Chicago, Illinois  60606-6448

And, via USPS Priority Mail to the Defendant's Corporate Legal Officer, Michael Callahan at the Defendant's corporate offices, Rivian Automotive LLC, 14600 Myford Road, Irvine, CA  92606-1005

IN THE SEVENTH FEDERAL DISTRICT COURT FOR CENTRAL ILLINOIS

**Case Number 1:23-CV-1415**

| | | |
|---|---|---|
| David Ogden | ) | Rivian Automotive, LLC |
| 16830 Baumann Road | ) | 123 Electric Avenue |
| Pocahontas, Illinois 62275 | ) | Normal, Illinois   61761 |
| | ) | |
| Plaintiff, | vs. | Defendant. |

JURY TRIAL IS REQUESTED

## PLAINTIFF'S  RESPONSE  TO  DEFENDANT'S  FIRST  SET  OF  REQUESTS  FOR  PRODUCTION  TO  PLAINTIFF

Now comes the Plaintiff, David Ogden, pro se, pursuant to FRCP Rules 26 and 34, hereby responds to the *"Defendant's First Set of Requests for Production to Plaintiff"* as originally provide by e-mail by the Defendant's attorney of record, Seyfarth Shaw LLP on 07 June, 2024.

1.  In response to the controversy regarding the Plaintiff's "Motion to Preserve Frangible Evidence" filed on 24 June, 2024 (document #29), on 12 July 2024 the Honorable Magistrate Judge Jonathan E. Hawley issued a text order stating *"Parties present via phone by Plaintiff David Ogden, and Attorney Sharilee Smentek for the defendant for Motion Hearing held 7/12/2024. The parties discuss the status of discovery. **The defendant has 30 days from today (8/12/24) to respond to the plaintiffs discovery**.* "

2.  On 19 July, 2024, Council for the Defendant, Ms. Smentek e-mailed Ogden stating, *"You were required to respond in writing within 30 days, or by July 8, 2024, and to produce copies of the documents or electronically stored information that are responsive to each request"*. Ms. Smentek continues by demanding written responses *". . .withing (7) days or by July 26, 2024"*.  The date is written in red bold type.  **It is disconcerting that Rivian's counsel would attempt to hoodwink the pro se Plaintiff by misrepresenting the August 12th deadline stipulated by the Honorable Judge Hawley's text order.**

3.  In his attached responses, the Plaintiff has respectfully made objections to certain of the Defendant's requests pursuant to FRCP Rule 34 (b)(2)(C) by fulfilling his obligation to insure each " *. . objection must state whether any responsive materials are being withheld on the basis of that objection."*

4.  In addition, the Plaintiff notes and raises objection to many of the Defendant's requests as they fail to abide by the stipulations of FRCP Rule 34 (b) (1) (A) in that they *"must describe with reasonable particularity each item or category of items to be inspected"*.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 1:

*"All documents you have that refer to Defendant in any way."*

PLAINTIFF'S RESPONSE 1:

The Plaintiff objects to the Defendant's request as it is overbroad in time and scope.  In addition, it seeks "any and all documents" rather than specific documents sufficient to show Rivian's defense, and as such is cumulative.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 2:

"*All documents that relate to, bear upon, describe events or provide evidence relating to any of the allegations in the Complaint and/or communications related to those allegations.*"

PLAINTIFF'S RESPONSE 2:

2. The preponderance of evidence is contained in the Plaintiff's evidence package as delivered by USPS Certified Mail #7022-0410-0001-2421-3656 on 11 December, 2024 to Defendant's council. Additional evidence through document production, interrogatories, and deposition is expected to be obtained in the manner described in Plaintiff's Rule 26 disclosure as e-mailed to Council on 20 June 2024.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 3

"*All notes and any other documents prepared by you that relate to, concern, pertain to, support, establish, or upon which you rely in making, the claims alleged in the Complaint including but not limited to appointment books, journals, diaries, notes, memoranda, letters, electronic communications, annotated calendars, and any similar records that you have maintained at any time during or after your employment with Defendant.*"

PLAINTIFF'S RESPONSE 3:

3. See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 4:

"*All documents including but not limited to all emails, correspondence, and any communications relating to your employment with or other work for Defendant including, but not limited to, contracts, agreements, compensation plans, benefit plans, summary plan descriptions, job descriptions, work schedules, written policies, procedures, employment manuals, and compensation records.*"

PLAINTIFF'S RESPONSE 4:

4. See Plaintiff's Response #2, noting that to date the Defendant has failed to fulfill the Plaintiff's request for documentation of Rivian's stock compensation package.


DEFENDANT'S REQUEST FOR PRODUCTION NO. 5:

*"All documents that reflect, refer to, or otherwise relate to your job performance while employed by Defendant, including, but not limited to performance evaluations, notices and documentation of oral warnings, awards, self-evaluations, grievances, complaints, merit reviews, salary reviews, letters of commendation, discipline, written warnings or reprimands, letters, and criticism and comments regarding you or your performance from any person."*

PLAINTIFF'S RESPONSE 5:

5. See Plaintiff's Response #2.


DEFENDANT'S REQUEST FOR PRODUCTION NO. 6:

*"All documents that reflect or relate to conversations or communications, either verbal or written, between you and any current or former employee of Defendant relating to your employment with Defendant or your allegations in the Complaint."*

PLAINTIFF'S RESPONSE 6:

6. See Plaintiff's Response #2.


DEFENDANT'S REQUEST FOR PRODUCTION NO. 7:

*"All postings, updates, comments, messages, or notes on Facebook, Twitter, LinkedIn, or any other social media site that relate to your employment with Defendant, relate to the allegations in your Complaint, or relate to any communications with current or former employees of Defendant."*

PLAINTIFF'S RESPONSE 7:

7.  Plaintiff has not made any such postings. Therefore they do not exist.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 8:

*"All documents concerning your efforts to locate additional or alternative employment since July 12, 2022, including but not limited to all documents related to job searches, applications, cover letters, resumes, and responses to your efforts from potential employers."*

PLAINTIFF'S RESPONSE 8:

8.  The Plaintiff respectfully objects to this request on the grounds that it is not relevant to this litigation nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In addition, the Plaintiff has already suffered significant personal, professional and economic losses due to the Defendant's reckless and deliberate dissemination of false and derogatory descriptions of the Plaintiff's work.  The additional disclosure of requested information would only afford the Defendant an even greater opportunity to compound their abuse of the Plaintiff.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 9:

*"All documents that relate to any event or circumstance that you contend caused or contributed in any way to the damages you claim in this lawsuit."*

PLAINTIFF'S RESPONSE 9:

9.  See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 10:

*"All documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you earned from any source since July 12, 2022, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, retirement benefits, pension benefits, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit."*

PLAINTIFF'S RESPONSE 10:

10.  The Plaintiff respectfully objects to this request on the grounds that the Defendant seeks income tax returns, W2s, and/or 1099 forms, which are privileged under state and federal law.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 11:

*"All documents, including but not limited to all emails, correspondence, and any communications, that relate to your effort to mitigate the damages you claim in this lawsuit."*

PLAINTIFF'S RESPONSE 11:

11.  See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 12:

*"All medical records and other documents related to any physical or mental condition or injury you have suffered at any time since July 12, 2017. In conjunction with this Request, please complete the authorization for release of medical information and psychotherapy treatment in the attached form."*

PLAINTIFF'S RESPONSE 12.

12.  The Plaintiff respectfully objects to this request on the grounds that the Defendant seeks information, such as medical history, that is in violation of a party's constitutionally protected right to privacy.  The Plaintiff explicitly rejects any medical information release form.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 13:

*"All documents submitted to or received from the Social Security Administration regarding any claim for benefits made by you or on your behalf."*

PLAINTIFF'S RESPONSE 13:

13.  See Plaintiff's Response #8.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 14:

*"All documents that relate to or constitute communications between you and any federal, state or local department, agency, or commission, including the United States Equal Employment Opportunity Commission, relating to your employment with Defendant."*

PLAINTIFF'S RESPONSE 14:

14.  See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 15:

*"All documents that record, reflect, or refer to any internal grievances, complaints, or reports filed by you during your employment with Defendant."*

PLAINTIFF'S RESPONSE 15:

15.  See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 16:

"All documents that reflect, refer to, or otherwise relate to any complaints, lawsuits, administrative charges, or other claims you have filed with any court (including bankruptcy) or any administrative agency."

PLAINTIFF'S RESPONSE 16:

16.  The Plaintiff respectfully objects to the portion of the Defendant's request that "relate to any complaints, lawsuits, administrative charges, or other claims you have filed with any court (including bankruptcy)" on the grounds that they are not relevant to this litigation nor is it proportional to the needs of the case.  This remainder of this request is a repetition of the Defendant's request #14n and is properly addressed by Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 17:

"Your current résumé and all versions of your résumé that you have prepared at any time since July 12, 2022."

PLAINTIFF'S RESPONSE 17:

17.  See Plaintiff's Response #8.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 18:

"Any and all written or tape recorded statements of any kind that you have obtained from any witness that pertain to, concern, evidence, or support your claims or the allegations in the Complaint, including, but not limited to, any affidavits, declarations, or written notes."

PLAINTIFF'S RESPONSE 18:

18.  See Plaintiff's Response #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 19:

*"Any and all documents you have provided to or received from any expert witness, consultant, investigator, or other agent, and any report or document prepared, authored, or drafted by such expert witness, consultant, or investigator, concerning your allegations against Defendant."*

PLAINTIFF'S RESPONSE 19:

19. The Plaintiff respectfully objects to this request on the grounds that the Defendant seeks premature disclosure of expert opinion.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 20:

*"Any and all documents, demonstrative evidence, learned treatises, authorities, photographs, graphs, charts, artist's renderings, audio recordings, video recordings, business records, deposition transcripts and excerpts, and/or visual aids that you will or may seek to introduce into evidence during this litigation."*

PLAINTIFF'S RESPONSE 20:

20. The Plaintiff respectfully suggests that this request is a repetition of the Defendant's request #2.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 21:

*"All documents referenced and/or identified in response to Defendant's First Set of Interrogatories to Plaintiff."*

PLAINTIFF'S RESPONSE 21:

21. The Plaintiff respectfully objects to this request on the grounds that it is vague and ambiguous.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 22:

"*All documents received in response to any subpoena issued in this case.*"

PLAINTIFF'S RESPONSE 22:

22.  The Plaintiff respectfully objects to this request on the grounds that it is vague and ambiguous.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 23:

"*All emails, messages, and documents you sent from any work email account to any of your personal email accounts; and any emails, messages, and documents sent from any of your personal email accounts to any work email account.*"

PLAINTIFF'S RESPONSE 23:

23.  The Plaintiff respectfully objects to this request on the grounds that it is not relevant to this litigation nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  In addition it is overly broad in scope and constitutes the very essence of the proverbial 'fishing expedition'.

DEFENDANT'S REQUEST FOR PRODUCTION NO. 24:

"*All documents submitted to or received from any third party administrator regarding any claim for retirement and/or pension benefits made by you or on your behalf*"

PLAINTIFF'S RESPONSE 24:

24.  This request is yet another prima facia evidence of age discrimination by Rivian Automotive, as alleged by the Plaintiff in his Complaint, and which continues to be perpetrated by and through their attorney of record, Seyfarth-Shaw LLP.

Respectfully Submitted,

_David Ogden_

David Ogden

28 July, 2024

Date

VERIFICATION

The undersigned, David Ogden, Plaintiff pro se, certifies that the statements set forth in this instrument are true and correct, and states that as to the best of his knowledge of such matters, the undersigned certifies that he believes to be true.


Respectfully Submitted,


_____*David Ogden*_____          _____28 July, 2024_____
         David Ogden                              Date



ATTESTATION and CERTIFICATE of MAILING


Plaintiff hereby attests that he has provided copies of the foregoing instrument via email to ssmentek@seyfarth.com and USPS Priority Mail to the Defendant's legal counsel of record, Kathern Mendez, Seyfarth Shaw LLP, Suite 8000, 233 South Wacker Drive, Chicago, Illinois  60606-6448

And, via USPS Priority Mail to the Defendant's Corporate Legal Officer, Michael Callahan at the Defendant's corporate offices, Rivian Automotive LLC, 14600 Myford Road, Irvine, CA  92606-1005