E-FILED
Tuesday, 12 November, 2024  09:37:58 AM
Clerk, U.S. District Court, ILCD

# Exhibit F

## Smentek, Sharilee K.

| | |
|---|---|
| **From:** | Smentek, Sharilee K. |
| **Sent:** | Monday, September 9, 2024 5:21 PM |
| **To:** | Dave Ogden |
| **Cc:** | Mendez, Katherine |
| **Subject:** | RE: Ogden v. Rivian - Proposed Agreement |

Mr. Ogden,

My email of August 12th laid out deficiencies with respect to your discovery responses and production (not objections).  Your September 8th email does not address these deficiencies.  Please let me know when you are available to meet and confer via telephone.

We do not agree to your proposed Agreement.

Regards,
Sharilee

**From:** Dave Ogden <davekogden@yahoo.com>
**Sent:** Sunday, September 8, 2024 12:01 AM
**To:** Smentek, Sharilee K. <ssmentek@seyfarth.com>
**Cc:** Mendez, Katherine <KMendez@seyfarth.com>
**Subject:** Re: Ogden v. Rivian - Proposed Agreement

**This Message Is From an External Sender**

This message came from outside your organization.

Good Morning Ms. Smentek,

Mr. Ogden is in receipt of Council's e-mail of 12 August, 2024.

The Plaintiff would suggest that the "August 23" response deadline stipulated in Council's 12 August e-mail is not founded on provisions of the FRCP.

By e-mailing the following response and proposed agreement, the Plaintiff would suggest that he meets the requirements pursuant to Rule 33 of the Federal Rules of Civil Procedure, "Interrogatories to Parties", (b) ANSWERS AND OBJECTIONS, (2) Time to Respond, *"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories"*

In their 12 August e-mail, Council poses objections to Ogden's Responses to Defendant's Interrogatories 7 through 13, and Defendant's Discovery requests 1, 8, 10, 13, 16, and 17.

Ogden would suggest that parties' agreement to the entirety of the attached (13) items would overcome Council's expressed objections and render numerous questions as resolved.

Respectfully Submitted,  David Ogden, Plaintiff, pro se

1

David Ogden  Cell: 618.789.4163 Personal E-mail: davekogden@yahoo.com http://www.linkedin.com/pub/dave-ogden/26/762/ba7

On Monday, August 12, 2024 at 02:54:50 PM CDT, Smentek, Sharilee K. <ssmentek@seyfarth.com> wrote:

Mr. Ogden,

We have reviewed your discovery responses and document production.  Pursuant to Federal Rule of Civil Procedure 37 and the Court's Standing Order, we are writing to confer regarding several deficiencies identified in Plaintiff's responses.  **Rivian requests that you address these deficiencies no later than <u>August 23, 2024</u>.**

Rivian has identified the following specific concerns.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES**

**Interrogatory No. 6**

Interrogatory No. 6 asked you to identify every job you have held since July 12, 2022, including the positions held, dates of employment and the identity of your supervisors.  In response, you objected based on relevance.  Your subsequent employment is relevant to the issue of mitigation of damages.  *See e.g., Langen v. Wells Fargo Bank, N.A.*, 2012 WL 4473305, *1 (C.D. Ill. Sept. 26, 2012) (employee's subsequent employment is relevant to the issue of mitigation of damages).  Please answer Interrogatory No. 6 and supply the requested information.

**Interrogatory No. 7**

Interrogatory No. 7 asked you to identify every prospective employer to which you have applied since July 12, 2022, including the position for which you applied, whether you received an offer of employment, the terms of any offer of employment, and whether you accepted or rejected the offer of employment. In response, you objected based on relevance.  As explained above, Rivian is entitled to discovery on the efforts you have taken to find subsequent employment.  *See Id.*  Please answer Interrogatory No. 7 and supply the requested information.

**Interrogatory No. 8**

Interrogatory No. 8 asked about your income since July 12, 2022.  Once again, you objected based on relevance. "Interim earnings 'operate to reduce the back pay otherwise allowable.'" *See Garcia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1259 (N.D. Ill. 2015), *citing* 42 U.S.C. § 2000e-5(g)(1). Thus, Rivian is entitled to discovery on any income you earned following your discharge from Rivian.  Please answer Interrogatory No. 8 and supply the requested information.

**Interrogatory No. 9**

Interrogatory No. 9 asked you to identify other lawsuits, grievances or administrative charges you have ever filed or to which you have been a party.  Plaintiff objected as vague and ambiguous, and because its scope was undefined.  To resolve this dispute, Rivian will reduce the scope to "Identify all lawsuits, grievances, or administrative charges you have ever filed or to which you have been a party since July 12, 2012."  Please answer Interrogatory No. 9 (as limited) and supply the requested information.

**Interrogatory No. 10**

Interrogatory No. 10 asked you to identify any bankruptcy filings.  In response, you objected based on relevance.  Your bankruptcy filings are relevant to a judicial estoppel defense.  *See e.g.*, *Kimble v. Donahoe*, 511 Fed. Appx. 573, 575 (7th Cir. 2013) ("By omitting her administrative charge against the Postal Service, Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case.").  Please answer Interrogatory No. 10 and supply the requested information.

**Interrogatory No. 11**

Interrogatory No. 11 asked whether you have ever been terminated, or resigned in lieu of termination, from any employment position.  In response, you objected based on relevance.  The information responsive to Interrogatory No. 11 goes directly to Plaintiff's credibility and his prior employer files are relevant and discoverable.  *See e.g., Jackson v. Parker*, 2008 WL 4844747, *2 (N.D. Ill. Nov. 7, 2008) (Plaintiff's "personnel files at his prior employers are reasonably likely to lead to the discovery of admissible evidence" and "could contain information that bears upon Mr. Jackson's credibility."). Please answer Interrogatory No. 11 and supply the requested information.

**Interrogatory No. 12**

Interrogatory No. 12 asked you to identify all personal email addresses and social and business networking and media sharing accounts that you have created, maintained or used since July 12, 2017. You objected to Interrogatory No. 11 based on relevance. The information responsive to Interrogatory No. 12 is relevant to damages. *See e.g.*, *Appler v. Mead Johnson & Co., LLC*, 2015 WL 5615038, *5 (S.D. Ind. Sep. 24, 2015) (social networking site content relevant to plaintiff's mental and emotional state).  Please answer Interrogatory No. 12 and supply the requested information.

**Interrogatory No. 13**

Interrogatory No. 13 asked you if you have applied for disability compensation/insurance with the Social Security Administration.  You objected based on your constitutionally protected right to privacy.  As an initial matter, the constitution protects your right to privacy against government intrusion which is not at issue in this litigation.  The information responsive to Interrogatory No. 13 is relevant to the issue of damages.  *See e.g., Kohnke v. Delta Airlines, Inc.*, 1995 WL 478858, * (N.D. Ill. Mar. 20, 1995) (disability payments may offset lost wages due to wrongful termination).  Please answer Interrogatory No. 13 and supply the requested information.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION

**Request No. 1**

Request No. 1 sought all documents that refer to Defendant.  In response, you objected based on overbreadth.  To the contrary, this request was drafted in an effort to discover documents that are relevant to Plaintiff's claim and Defendant's defenses.  As you know, a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  *See* FRCP 26(b)(1).  Accordingly, to resolve this dispute, Defendant will reduce the scope to "All documents you have that refer to Defendant in any way, and that are relevant to Plaintiff's claim and Defendant's Defenses."  Please produce the documents responsive to Request No. 1 (as limited).

**Request No. 8**

Request No. 8 sought documents regarding your efforts to locate additional or alternative employment since July 12, 2022. In response, you objected based on relevance.  As explained above, Rivian is entitled to discovery on the efforts you have taken to find subsequent employment.  *Langen*, 2012 WL 4473305 at *1 (employee's subsequent employment is relevant to the issue of mitigation of damages).  Please produce the documents responsive to Request No. 8.

**Request No. 10**

Request No. 10 sought the production of documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you have earned from any source since July 12, 2022, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit.  You objected based on privilege under unidentified state and federal laws.  However, as explained above, Rivian is entitled to discovery on income you have received following your discharge.  *See Garcia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1259 (N.D. Ill. 2015) (interim earnings reduce back pay).  Moreover, tax returns, W-2s and/or 1099 forms are not privileged. *See e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-5 (7th Cir. 1992) (ordering plaintiff produce tax returns because his income was relevant to his claim for damages).  Please produce the documents responsive to Request No. 10.

**Request No. 13**

Request No. 13 sought the production of documents submitted to or received from the Social Security Administration. In response, you objected based on relevance. As explained above, the documents responsive to Request No. 13 are relevant to the issue of damages. *See e.g., Kohnke v. Delta Airlines, Inc.*, 1995 WL 478858, * (N.D. Ill. Mar. 20, 1995) (disability payments may offset lost wages due to wrongful termination). Please produce the documents responsive to Request No. 13.

**Request No. 16**

Request No. 16 sought the production of documents related to other complaints, lawsuits, administrative charges, or other claims that you have ever filed. You objected based on relevance. The documents responsive to Request No. 16 are relevant as they go to Plaintiff's credibility (and any bankruptcy filings go to a judicial estoppel defense). Please produce the documents responsive to Request No. 16.

**Request No. 17**

Request No. 17 sought the production of your current resume and all versions of your resume since July 12, 2022. You objected based on relevance. As explained above, Rivian is entitled to discovery on the efforts you have taken to find subsequent employment, including all versions of your resume. *Langen*, 2012 WL 4473305 at *1 (employee's subsequent employment is relevant to the issue of mitigation of damages). Please produce the documents responsive to Request No. 17.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

We are, of course, happy to discuss further as required by the Federal Rules of Civil Procedure.

Regards,

Sharilee

**Sharilee K. Smentek** | Counsel | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5394 | Fax: +1-312-460-7658
ssmentek@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.