UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID OGDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-01415-JEH-RLH |
| RIVIAN AUTOMOTIVE, LLC, | ) ) ) |
| Defendant. | ) ) |

### ORDER & OPINION

Now before the Court are Plaintiff David Ogden's ("Ogden") Motions for Joinder of Parties (Doc. 80) and for Judicial Recusal Pursuant to 28 U.S.C. § 455 (Doc. 82). Also before the Court is Defendant Rivian Automotive, LLC's ("Rivian") Motion to Enforce the Court's August 28, 2025 Order and for Sanctions. (Doc. 79.) For the reasons set forth below, Ogden's Motions for Joinder and Recusal are DENIED. Rivian's Motion to Enforce the Court's August 28, 2025 Order and for Sanctions is GRANTED in part and DENIED in part.

### BACKGROUND

Ogden, proceeding pro se, filed this action in November 2023 under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, alleging that Rivian terminated him on account of his age. The case is currently in discovery, and the parties have filed more than sixteen motions concerning their discovery disputes. The Court briefly summarizes those disputes.

- **November 12, 2024:** Rivian filed its first motion to compel discovery, seeking to compel Ogden to provide substantive responses to several written

interrogatories. In particular, Rivian sought information about Ogden's attempts to secure employment after he was fired from Rivian. (Doc. 36 at 1, 12.)

- **December 11, 2024:** The Court granted in part and denied in part Rivian's November 12 motion. The Court ordered Ogden to answer three interrogatories and provide responsive documents to three requests for production. (*See* Minute Entry dated December 11, 2024.)

- **January 24, 2025:** Rivian filed a motion to enforce the Court's December 11 Order, explaining that Ogden did not respond to three requests to produce and asked the Court to again order Ogden to produce responsive documents. (Doc. 42 at 1.)

- **February 9, 2025:** Ogden filed his first motion to compel, asking the Court to order Rivian to respond to several requests for production, including those that relate to possible comparators. (Doc. 44 at 1, 2.)

- **May 28, 2025:** The Court held a status conference and granted Rivian's January 24 motion to enforce the Court's previous order.

- **June 6, 2025:** Rivian renewed its January 24 motion, asking the Court for a second time to enforce its Order and compel Ogden to produce documents to three of Rivian's requests for production. (Doc. 57.)

- **June 26, 2025:** The Court granted Rivian's motion to enforce the Court's December 11 Order, directing Ogden to provide responses to requests for production 8, 10, and 17. (*See* Doc. 61 ("From November 2024 to date, the parties have filed approximately ten motions concerning discovery disputes.").)

- **July 8, 2025:** Rivian filed a third motion to compel Ogden to respond to its requests for production, explaining that this Court had, to that point, ordered Ogden to respond to requests number 8[1] and 10[2] three times. (Doc. 64 at 5.)

---

[1] This request seeks the following: "All documents concerning your efforts to locate additional or alternative employment since July 12, 2022, including but not limited to all documents related to job searches, applications, cover letters, resumes, and responses to your efforts from potential employers." (Doc. 36-1 at 5.)

[2] This request seeks the following:

> All documents that relate to, refer to, or describe in any way the amount of wages, or benefits, or other income you earned from any source since July 12, 2022, including but not limited to pay stubs, leave statements, earnings statements, W-2 forms, 1099 forms, federal and state tax returns, unemployment compensation, retirement benefits, pension benefits, Social Security benefits, workers' compensation, veterans' benefits, settlement checks and any other compensation or benefit.

(Doc. 36-1 at 5.)

- **July 10, 2025:** The Court held a status conference and told Ogden (for the fourth time) that he was to produce the requested documents. The Court also ordered the parties to meet and confer regarding Ogden's second motion to compel. (*See* Minute Entry dated July 10, 2024.)

- **July 14, 2025:** Rivian filed a motion explaining that Ogden insisted on recording the parties' discussion concerning Ogden's second motion to compel. (Doc. 68 at 1.) Rivian asked for sanctions and to order Ogden to meet and confer. (Doc. 68 at 5–6.)

- **August 14, 2025:** The Court held a status conference and granted in part Rivian's Motion to Enforce the Court's July 10 Order and deferred the remainder of the parties outstanding motions. (*See* Minute Entry dated August 14, 2024.)

- **August 28, 2025:** The Court held another status conference and granted in part Ogden's motion to compel and ordered Ogden to supplement his responses to Rivian's requests to produce numbers 8 and 10.

- **September 12, 2025:** Rivian filed a motion asking the Court to enforce its August 28 Order and to issue sanctions against Ogden, explaining that Ogden has failed to produce eight categories of documents in violation of the Court's order. (Doc. 79 at 6–7.)

## DISCUSSION

The Court first discusses Rivian's Motion to Compel. The Court concludes that Ogden did not fully comply with its August 28 Order, but that his noncompliance does not yet warrant dismissal. The Court next discusses Ogden's Motion to Join Necessary Parties Under Rule 19. Because Ogden's arguments for joining additional parties are without merit, the Court denies the motion. Finally, the Court turns to Ogden's Motion for Judicial Recusal, which misreads 28 U.S.C. § 455 and therefore the Court denies the motion.

I.  **Rivian's Motion to Compel**

Rivian moves to compel Ogden's compliance with this Court's August 28 Order, asserting that Ogden has failed to produce documents the Court directed him to provide. Rivian argues that Ogden's repeated discovery violations warrant dismissal.

The Court begins with its August 28 Order. In relevant part, the Order directed Ogden "to produce the requests within docket entry [78-1] Defendant's Status Report on or by September 11, 2025." (Minute Entry dated August 28, 2025.) Rivian's status report, in turn, sought documents (1) "regarding [Ogden's] efforts to locate additional or alternative employment since July 12, 2022," and (2) "that relate to the amount of wages, or benefits, or other income [that Ogden] earned from any source since July 12, 2022," including "federal and state tax returns for 2022, 2023, and 2024." (Doc. 78-1 at 1.) Rivian contends that Ogden failed to provide those documents by this Court's September 11, 2025 deadline. (Doc. 79 at 6–7.) In response, Ogden asserts that he has "provided over (125) paystubs, emails, and tax documents in addition to his earlier production" and that he has "taken extraordinary measure[s] to obtain and recover documents" responsive to Rivian's request. (Doc. 83 at 2 (emphasis omitted).)

What is more revealing about Ogden's response, however, is what it does not say. Ogden does not claim to have produced his tax returns for 2022, 2023, and 2024; he does not claim to have produced communications with prospective employers; he does not claim to have clarified his employment status since August 2024; he does not claim to have supplemented his answer to Rivian's sixth interrogatory; and he does not claim to have turned over the relevant attachments to his emails purporting to show that he sought employment following his tenure with Rivian. Each of those

4

categories of documents was identified in Rivian's most recent status report and incorporated into this Court's August 28 Order. Ogden was thus required to produce them but has apparently failed to do so. To be sure, Ogden indicates that he has attempted to "take[] additional measures" to correct his disclosures and "take[] extraordinary measure to obtain and recover documents." (Doc. 83 at 2.) Yet those attempts do not excuse Ogden's failure to either produce the relevant documents or provide legitimate reasons why he cannot comply with the Court's Order.

All of this leaves the Court at an impasse. Three times Rivian has sought an order compelling Ogden to respond to its discovery requests, (*see* Docs. 42, 57, 64), and three times the Court has ordered Ogden to do so, (*see* Doc. 61 at 4 ("[Ogden] was given numerous opportunities to comply with the Court's discovery orders, but he repeatedly failed to produce the required documents.").) In light of these violations, Rivian now seeks both monetary sanctions and dismissal of this case under Federal Rule of Civil Procedure 37.

Rule 37 empowers courts to issue a variety of sanctions—up to and including dismissal—to command allegiance to their discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). And it "gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." 8B *Wright & Miller's Federal Practice & Procedure* § 2289 (3d ed. 2025); *see also Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1147 (7th Cir. 1994) ("A district court has broad discretion in deciding whether a violation of the rules of discovery warrants the imposition of sanctions."). Although the Seventh Circuit has "encourage[d] district courts to

5

provide an explicit warning before a Rule 37 or Rule 41 dismissal is ordered," it has also made clear that "an explicit warning is not absolutely necessary." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011). If a warning *is* necessary, let this Order be that warning. The Court issues the following caution in the clearest possible terms: "Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011). If Ogden persists in disregarding the Court's orders, the Court will not hesitate to impose the ultimate sanction of dismissal with prejudice.

In addition to dismissal, Rivian argues that monetary sanctions against Ogden are appropriate. The Court agrees. Because Ogden failed to produce documents that were outlined in Rivian's most recent status report and incorporated into the Court's August 28 Order, (*see* Doc. 78-1,), the Court finds that monetary sanctions under Rule 37(b)(2)(C) are appropriate, largely for the reasons stated in its June 26, 2025 Order, (*see* Doc. 61 at 3–5). Ogden will thus be required to pay the reasonable and necessary attorneys' fees and costs incurred by Rivian in filing its most recent motion to compel. In turn, Rivian will be required to file with this Court, within fourteen days of this Order, an itemized statement of actual, reasonable, and necessary attorneys' fees and costs associated with filing its motion.

## II. Ogden's Motion to Join Under Rule 19

Ogden first asks this Court to order several entities affiliated with Rivian— including Rivian Automotive, Inc.; Volkswagen Group LLC; and Rivian and Volkswagen Group Technologies LLC—to join this case under Federal Rule of Civil

Procedure 19. This request is both procedurally improper and substantively without merit.

Ogden's Rule 19 motion presents a fundamental procedural flaw. Typically, Rule 19 is invoked by *defendants* who argue that a case cannot proceed because a person who is necessary to resolve it has not been joined. *See* Fed. R. Civ. P. 12(b)(7) (allowing defendants to respond to a complaint by asserting that a plaintiff has "fail[ed] to join a party under Rule 19"). Rule 19(c) reinforces this framework by requiring plaintiffs to state, at the outset of a case, "(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person." Fed. R. Civ. P. 19(c). Some courts have held that a failure to do so can warrant dismissal. *See, e.g., Process Control Corp. v. Tullahoma Hot Mix Paving Co.*, 79 F.R.D. 223, 225 (E.D. Tenn. 1977) (explaining that plaintiff's failure to comply with Rule 19(c) warranted dismissal but declining to dismiss the case because absent party was unnecessary). Rule 19(c) therefore required Ogden, when he filed this lawsuit, to identify any parties he believed were necessary to adjudicate the case and to explain why he did not name them in his complaint.

Nor does Ogden's motion fare any better on the merits. Rule 19 sets forth two categories of parties who must be joined in a lawsuit: (1) those whose participation is necessary to accord complete relief, and (2) those who "claim[] an interest relating to the subject of the action and [are] so situated that disposing of the action in the [party's] absence may" either impair its ability to protect its interest or leave an existing party subject to a risk of inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

Ogden argues that the first category applies because the Court cannot accord complete relief among the existing parties. In his view, Rivian's "current rate of financial meltdown" makes it "plausible that [Rivian] will be bankrupt before a decision, settlement, or jury verdict can be reached" in the case. (Doc. 80 at 5.)

From a factual standpoint, Ogden's prediction is highly speculative; from a legal standpoint, it is untenable. A court can award "complete relief" among existing parties if its judgment will conclusively resolve the parties' dispute. *See Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) Two examples illustrate this rather abstract concept. First, in *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1211, 1124 (2d Cir. 1990), a tenant asked the court to order its landlord to increase the electricity in the building. The court held that it could not award complete relief among the tenant and the landlord because the energy company—the only person who controlled the building's electricity—was not joined as a party to the case. Second, in *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263 (11th Cir. 2003), a nonprofit organization sued a local transit authority for refusing to run the nonprofit's advertisements at its bus stops. The court held that it could not award complete relief among the nonprofit and the transit authority because a third-party media company—who controlled the advertising space at the bus stops—was not joined as a party.

Rule 19's "complete relief" requirement thus concerns a court's power to render a judgment that will resolve the parties' dispute, not a party's practical or financial ability to satisfy a money judgment once a court has rendered one. Ogden's complaint

seeks back pay and lost wages for his wrongful termination. (*See* Doc. 1 at 10.) If he prevails, he will obtain an enforceable money judgment against Rivian, which is "complete relief" within the meaning of Rule 19. *See Walker v. Monsanto Co. Pension Plan*, No. 04-cv-436-JPG, 2007 WL 2481179, at *4 (S.D. Ill. Aug. 29, 2007) ("[A] mere obligation to pay money in the event of a judgment does not mandate joinder of a party under Rule 19."); *see also Salinas v. United Auto Workers Local 551*, No. 19-cv-7313, 2020 WL 4607235, at *3 (N.D. Ill. Aug. 11, 2020) (holding that a plaintiff's employer was not a necessary party in a suit between the plaintiff and his union); *James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001) ("Indisputably, in this suit for money damages, whatever amount, if any, is awarded will be complete as between Plaintiff and [Defendant]."). That Rivian may or may not rely on affiliates to satisfy such a judgment is irrelevant to the Rule 19 analysis and provides no basis for Ogden's motion.

Ogden also argues that the absent parties—entities who are either engaged in a joint venture with or are financially invested in Rivian—would be unable to protect their interests. But the relevant "interest" for purposes of Rule 19 "must be a legally protected interest, and not merely a financial interest or interest of convenience." *Burger King Corp. v. Am. Nat'l Bank & Tr. Co.*, 119 F.R.D. 672, 675 (N.D. Ill. 1988) (quoting 3A *Moore's Federal Practice* ¶ 19.07[2]). The entities Ogden identifies have no legally cognizable interests at stake in this case because Rivian, a limited liability company, is an independent legal entity distinct from its members and managers. *See*

9

*Westmeyer v. Flynn*, 889 N.E.2d 671 (Ill. App. Ct. 2008).[3] Accordingly, because those entities have no legally protected interest in this litigation, there is no risk that they will be unable to protect one. Rule 19 does not require their joinder.

### III.    Ogden's Motion to Recuse

Next, Ogden asks the undersigned to recuse himself under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective: whether a reasonable person, informed of all the facts, would harbor doubts about the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). In addition, § 455(b)(4) requires recusal where the judge, spouse, or minor child has a "financial interest" in a party. Section 455(d)(4) defines "financial interest" but explicitly excludes ownership in a mutual fund "unless the outcome of the proceeding could substantially affect the value of the interest."

Ogden argues that recusal is required because Rivian's investors include T. Rowe Price, Fidelity, and BlackRock, and the undersigned's financial disclosure form lists diversified mutual funds managed by those same entities. Plaintiff contends that this overlap creates either a direct financial interest under § 455(b)(4) or an appearance of impropriety under § 455(a).

---

[3] Ogden also claims his complaint "includes quantum meruit for breach of contract for the value of RSU that were promised by Rivian in June 2021." (Doc. 80 at 6.) The Court struggles to discern the relevance of this assertion to his Rule 19 Motion. Regardless, the claim is unfounded. Ogden's sixteen-page complaint asserts exactly three counts: (1) age-based harassment in violation of the ADEA; (2) age-based discrimination in violation of the ADEA; and (3) a "disparate impact" claim under the ADEA. (*See* Doc. 1 at 9–12.)

10

But courts have consistently upheld the principle that ownership of diversified mutual funds does not constitute a disqualifying financial interest. In *New York City Development Corp. v. Hart*, the Seventh Circuit emphasized that 28 U.S.C. § 455(d)(4)(i) prevents disqualification based on the indirect effects of a case on mutual fund assets. 796 F.2d 976, 979–80 (7th Cir. 1986). The court explained that fluctuations in the value of individual stocks within a fund would have minimal impact on the fund as a whole, and offsetting movements among securities would further dilute any potential influence on the judge's portfolio. *Id.* Only when a fund is so narrowly tailored that litigation could substantially affect its value does § 455(b)(4) apply.

Ogden points to the undersigned's investments in diversified mutual funds managed by T. Rowe Price, Fidelity, and BlackRock, entities that also invest in Rivian. However, these are not direct investments in Rivian stock. The mutual funds in question are broadly diversified across numerous sectors and companies.

Importantly, § 455(d)(4) excludes such mutual fund holdings unless the litigation could "substantially affect" the value of the fund. Ogden's case, while significant to him, is a single-plaintiff employment discrimination action. Practically speaking, the amount in controversy here is far too small relative to Rivian's overall market capitalization and the vast assets under management by T. Rowe Price, Fidelity, and BlackRock to affect the value of any mutual fund in which the undersigned invests.

Ogden also invokes § 455(a)'s appearance standard. But a reasonable, well-informed observer would understand that holdings in diversified mutual funds managed by large investment companies do not create a direct or substantial financial interest in Rivian. Thus, there is no reasonable basis on which to question the Court's impartiality.

Accordingly, recusal is not required under either § 455(b)(4) or § 455(a).

## Conclusion

IT IS THEREFORE ORDERED that Rivian's [79] Motion to Compel and for Sanctions is GRANTED in part and DENIED in part. Ogden is required to pay Rivian its reasonable attorney's fees incurred in preparing the motion, and Rivian shall submit, within two weeks of the date of this Order, an itemized statement of the actual, reasonable, and necessary attorney's fees and costs associated with filing its motion.

IT IS FURTHER ORDERED that Plaintiff David Ogden shall produce, on or before **October 17, 2025**, the following documents and supplemental responses:

- **(1)** Any and all copies of job Ogden's job applications, cover letters, resumes, and communications with potential employers following his termination from Rivian, including documents relating to Ogden's efforts to secure employment at Orange EV, Oxford Consulting, and Hyundai;

- **(2)** Any and all pay stubs, earnings statements, W-2 forms, 1099 forms, and state and federal tax returns from 2022, 2023, and 2024;

- **(3)** The attachment to Ogden's July 18, 2022, communication with David Schneider, entitled "Ogden David References 2022july15.doc";

- **(4)** The attachment to Ogden's July 18, 2022 communication with David Schneider, entitled "Ogden shop floor Challenge-Solution-Benefit examples.docx";

12

- **(5)** A supplemental response to Rivian's Interrogatory No. 6, asking Ogden to identify every job he has held since July 12, 2022;

- **(6)** A supplemental response to Rivian's Interrogatory No. 7, asking Ogden to identify each and every prospective employer to which Ogden has applied since August 2024;

- **(7)** A supplemental response to Interrogatory No. 8, asking Ogden to identify any income he has received since August 2024;

- **(8)** A supplemental response to Rivian's Request for Production No. 8, asking Ogden to produce documents regarding his efforts to locate additional or alternative employment since August 2024;

- **(9)** A supplemental response to Rivian's Request for Production No. 10, asking Ogden to produce documents relating to the amount of wages, benefits, or other income Ogden has earned from any source since August 2024.

(*See* Doc. 78-1 at 1–2.) Rivian shall file a status report, on or by **October 24, 2025**, informing the Court whether Ogden has produced the above documents and supplemental responses. If the Court finds that Ogden has not, it will dismiss this case under Federal Rule of Civil Procedure 37(b).

Finally, Ogden's [80] Motion for Joinder of Parties and [82] Motion for Recusal are DENIED.

*So ordered.*

Entered this 3rd day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
