E-FILED
Monday, 01 December, 2025 02:55:11 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID OGDEN,
    Plaintiff,

v.

RIVIAN AUTOMOTIVE, LLC,
    Defendant.

Case No. 1:23-cv-01415-JEH-RLH

**Order**

Now before the Court is the Report and Recommendations (D. 97).[1] For the reasons set forth *infra*, the Court adopts in full the Report and Recommendations, and this case is dismissed with prejudice. Ogden's Motion for Citation to Discover Assets (D. 88), Motion for an Extension of Time (D. 90), and Rivian's Motion to Amend the Scheduling Order (D. 95), are denied as moot. The Clerk is directed to enter judgment in favor of the Defendant and close the case.

**I**

Plaintiff David Ogden ("Ogden") filed suit on November 7, 2023. (D. 1). On June 11, 2024, the Court adopted a Discovery Plan. (D. 26). On October 9, 2024, the Defendant filed a Motion for a Hearing Concerning Discovery Disputes. (D. 32). The Court held a hearing on the issue. *See* 10/29/2024 Minute Entry. Since then, various discovery disputes have ensued. *See, e.g.,* (D. 87 at ECF p. 1-3) (discussing the parties' filings of more than sixteen motions concerning discovery disputes as of October 3, 2025). On October 3, 2025, Magistrate Judge Hanna found that Ogden was not in compliance with his previous August 28, 2025 Order. *Id.* Judge Hanna

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

found that Plaintiff had not provided "legitimate reasons why he cannot comply with the Court's Order" and that "[t]hree times Rivian has sought an order compelling Ogden to respond to its discovery requests". *Id.* at ECF p. 5. Judge Hanna imposed monetary sanctions on Plaintiff and warned him that if he "persists in disregarding the Court's orders, the Court will not hesitate to impose the ultimate sanction of dismissal with prejudice." *Id.* at ECF p. 6. On October 20, 2025, Rivian filed a Status Report indicating that Plaintiff had not produced documents in compliance with Judge Hanna's October 3rd Order.[2] (D. 92 at ECF p. 1-2). Thereafter, on November 4, 2025, Judge Hanna entered a Report and Recommendation that this case be dismissed with prejudice for Plaintiff's failure to comply with the Court's Orders. (D. 97 at ECF p. 2 & 5). On November 18, 2025, the Plaintiff filed an "Answer to Report and Recommendations and Refutation of Motion to Dismiss" (D. 100) which this Court will construe as an objection to Judge Hanna's Report and Recommendation. The Defendant Rivian did not file an objection. The matter is now fully briefed.

## II

Together, 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3) govern a district judge's review of dispositive motions such as the decision reached in the Report and Recommendations in this case. Rule 72(b)(3) instructs the "district judge [to] determine de novo any part of the magistrate judge's disposition that has been properly objected to" and provides the district judge with the discretion to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments

---

[2] That Order required the Plaintiff to produce the documents by October 17, 2025. (D. 87 at ECF p. 12).

without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013) (emphasis in original). "The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Id.* "A district judge may be persuaded by the reasoning of a magistrate judge . . . while still engaging in an independent decision-making process." *Id.*

After reviewing the record in this case, the Court agrees with and adopts the factual findings and legal analysis of the Report and Recommendation prepared by Judge Hanna. (D. 97). The Plaintiff's "Answer to Report and Recommendation" (D. 100) contains objections that are non-specific to the issue at hand and that do not persuade this Court to depart from the findings or the legal analysis of the Report and Recommendation. To the contrary, the Plaintiff continues to dispute the scope of the discovery in this case despite Judge Hanna's previous rulings. Plaintiff asserts the "Defendants' [sic] discovery efforts throughout this case have focused entirely on ascertaining Ogden's income in the period since his discharge from Rivian", characterizing the Defendant's efforts as a "pervasive pattern of overreaches [sic] in Rivian's discovery". *Id.* at ECF p. 2. Tellingly, the Plaintiff does not claim that he has produced the outstanding documents as directed by Judge Hanna in his October 3rd Order. *Compare* (D. 87 at ECF p. 12-13) *with* (D. 100 at ECF p. 6). To the extent Ogden claims he has produced some documents during discovery, he does so without citation to materials in the record and without any indication as to whether the documents he produced to the Defendant are responsive to the outstanding requests subject to the discovery dispute outlined in the October 3rd Order. Plaintiff states "[e]mail records show that [Plaintiff] submitted a total of (34) document [sic] in (three) separate emails to Rivian's Council [sic] on 24 October 2025 at 9:49 AM, 1:33 PM, and 6:54 PM CDT." (D. 100 at ECF p. 2). Far from resolving the issue, however, Plaintiff's actions continue to

frustrate the discovery efforts in this case and only further confirm the findings of Judge Hanna's Report and Recommendation. (D. 97). Therefore, the Court adopts the Report and Recommendations in full.

### III

For the reasons set forth *supra*, the Court adopts the Report and Recommendation (D. 97) in full. Consequently, this case is dismissed with prejudice and Ogden's Motion for Citation to Discover Assets (D. 88), Motion for an Extension of Time (D. 90), and Rivian's Motion to Amend the Scheduling Order (D. 95), are denied as moot. The Clerk is directed to enter judgment in favor of the Defendant and close the case.

*It is so ordered.*

Entered on December 1, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE